IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


GROVER LEE PETTES and GLORIA PETTES,

      Plaintiffs,

  vs.                                            No. CIV 00-1803 LH/LCS

CITY OF LAS CRUCES, LAWRENCE ARCHULETA, and TOM MASSAD, individuals and as employees of the City of Las Cruces, DONA ANA COUNTY and/or the public officials and employees responsible for operating the Dona Ana County Detention Center,

      Defendants.


## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Dona Ana County's Motion to Dismiss for Failure to State a Claim Upon Which Relief May be Granted Pursuant to Fed. R. Civ. P. 12 (Docket No. 23), filed March 8, 2001. The Court, having considered the pleadings submitted by the parties, the arguments of counsel, and otherwise being fully advised, finds that the Motion shall be **granted in part** and **denied in part.**

Count I - Violation of the Civil Rights Act

In Count I Plaintiffs allege that Defendant Dona Ana County failed to supervise and adequately train its police officers and is liable for the actions of its employees under the doctrine of

*respondeat superior.*  The only factual allegations regarding Dona Ana County is that "Plaintiff's hands remained very tightly handcuffed behind his back during this period of detention despite his complaints about the manner of restraint and the pain in his left wrist" and that the Dona Ana County Detention Center employees "failed and/or refused to come to the Plaintiff's aid despite his complaints of pain and physical injury."  (Complaint, ¶¶ 16, 45.)

To establish municipal liability under 42 U.S.C. 1983, a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged.  *Jenkins v. Wood*, 91 F.3d 988, 993 (10th Cir. 1996).  If the plaintiff asserts the alleged custom or policy comprised a failure to act, he or she must demonstrate the municipality's inaction resulted from "deliberate indifference to the rights" of the plaintiff.  *Id.* at 994.  More specifically, if the inaction theory rests on an alleged failure to train, the plaintiff must prove the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need for additional training.  *Id.*  Furthermore, where a plaintiff seeks to impose municipal liability on the basis of a single incident, the plaintiff must show the particular illegal course of action was taken pursuant to a decision made by a person with authority to make policy decisions on behalf of the entity being sued.  Id.  A municipality cannot be liable under 42 U.S.C. §1983 based on a theory of *respondeat superior.  See Wilson v. Meeks*, 98 F.3d 1247, 1255 (10th Cir. 1996), *citing Monell v. Dept. of Social Servs.* 436 U.S. 658 (1978).  Finally, a §1983 suit against a municipality and a suit against a municipal official acting in his or her official capacity are the same.  *Myers v. Okla. County Bd. of County Comm'rs,* 151 F.3d 1313, n.2 (10th Cir. 1998).

This case arises out of a single incident in which two on-duty police officers for the City of Las Cruces arrested Plaintiff Grover Pettes and transported him to a Dona Ana County detention center where he was detained for several hours. Plaintiffs make conclusory allegations that the County failed to supervise and train its police officers. Conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Nowhere in the Complaint do Plaintiffs provide factual allegations that the County was deliberately indifferent to Plaintiffs' rights, or that the need for training was obvious and the inadequate training was so likely to result in constitutional violations, that the County's policymakers can reasonably be said to be deliberately indifferent. Nor are there any factual allegations that the acts of the detention center employees were made pursuant to a decision made by a person with authority to make policy decisions on behalf of the County. While not every fact must be described in detail, Plaintiffs are not relieved of the burden of alleging sufficient facts on which a recognized legal claim could be based. *See Id.*

A plaintiff whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his complaint. *See Id.* In this case, two motions to dismiss under Fed. R. Civ. P. 12(b)(6) have been filed giving Plaintiffs notice and opportunity to seek leave to amend their complaint. (*See* Docket Nos. 17 and 23, filed February 26 and March 8, 2001). In fact, Defendant City, in both its Memorandum and Reply briefs, explicitly states that the Complaint should be amended, and even describes the nature of the allegations required, in order for the Complaint to survive its Motion to Dismiss. To date, Plaintiffs have not sought leave to amend their Complaint. It appears beyond doubt that Plaintiffs can

prove no set of facts supporting Count I of the Complaint that would entitle them to relief. Therefore, Count I against Defendant Dona Ana County shall be dismissed with prejudice.

Count IV - Negligence

Under the New Mexico Tort Claims Act, N.M. Stat. Ann. §§ 41-4-1 to 41-4-29, a person claiming damages against a county must give written notice to the county clerk within 90 days after the occurrence giving rise to the claim, unless the county had actual notice of the occurrence. N.M. Stat. Ann. § 41-4-16. Plaintiffs do not allege that they gave the County written notice within 90 days of Plaintiff Grover Lee Pettes' arrest and detention. Plaintiffs' contention that Grover Pettes had 180 days to give written notice because of his disability[1] is without merit. "The time for giving notice does not include the time, not exceeding ninety days, during which the injured person is incapacitated from giving the notice *by reason of injury*." N.M. Stat. Ann. § 41-4-16(b)(emphasis added); *See also Bolden v. Corrales*, 111 N.M. 721, 722, 809 P.2d 635, 636 (N.M. Ct. App. 1990)(the fact that the full extent of the injury was not known does not affect the running of the statute of limitations for the New Mexico Tort Claims Act).

Plaintiffs also claim that no written notice is required because the County had actual notice. Actual notice is a threshold issue to be heard by the trial court to determine whether, from the totality of the circumstances known to the governmental entity charged with fault in the occurrence, a reasonable person would have concluded that the victim may claim compensation. *Lopez v. New Mexico*, 122 N.M. 611, 616, 930 P.2d 146, 151 (N.M. 1996). There has been no evidentiary hearing on the issue of actual notice. Accordingly, that part of the County's Motion dealing with the negligence claim against the County in Count IV of the Complaint shall be denied.

---

[1] Plaintiff has cerebral palsy. (Resp. at 2.)

Count V - Loss of Consortium

In Count V of the Complaint, Plaintiff Gloria Pettes, wife of Grover Pettes, seeks damages for loss of consortium. The New Mexico Tort Claims Act does not waive immunity for loss of consortium claims.[2] *See* N.M. Stat. Ann. § 41-4-12. Furthermore, consent to sue may not be implied. *See Pemberton v. Cordova*, 105 N.M. 476, 478, 734 P.2d 254, 256 (N.M. Ct. App. 1987). Therefore, Count V of the Complaint, Plaintiff Gloria Pettes' loss of consortium claim against Dona Ana County, shall be dismissed with prejudice.

**IT IS, THEREFORE, ORDERED** that Defendant Dona Ana County's Motion to Dismiss for Failure to State a Claim Upon Which Relief May be Granted Pursuant to Fed. R. Civ. P. 12 (Docket No. 23), filed March 8, 2001, is **granted in part** and **denied in part.**

 

 

_____
**UNITED STATES DISTRICT JUDGE**

---

[2] "The immunity granted [by the New Mexico Tort Claims Act] does not apply to liability for personal injury, bodily injury, wrongful death or property damage resulting from assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, defamation of character, violation of property rights or deprivation of any rights, privileges or immunities secured by the constitution and laws of the United Sates or New Mexico when caused by law enforcement officers while acting within the scope of their duties." N.M. Stat. Ann. § 41-4-12.