# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**GROVER LEE PETTES AND**
**GLORIA PETTES,**

        Plaintiffs,

vs.                                                                                            No. CIV 00-1803 LH/LCS

**CITY OF LAS CRUCES, LAWRENCE**
**ARCHULETA, and TOM MASSAD,**
**individuals and as employees of the City**
**of Las Cruces, DOÑA ANA COUNTY**
**and/or the public officials and employees**
**responsible for operating the Doña Ana**
**County Detention Center,**

        Defendants.

## MEMORANDUM OPINION AND ORDER

      **THIS MATTER** came before the Court for a Hearing on Plaintiffs' Motion to Quash Subpoena (Doc. 65), filed October 9, 2001; Plaintiffs' Motion to Compel Response to Plaintiffs' Second Document Request (Doc. 66), filed October 10, 2001; Defendants City of Las Cruces, Lawrence Archuleta & Tom Massad's Motion in Limine and for Sanctions (Doc. 70), filed October 17, 2001; and Plaintiffs' cross motion for an award of attorney fees (Doc. 74), filed October 24, 2001 (filed in conjunction with response to Doc. 70). Matthew Holt, Esq. appeared on behalf of the Las Cruces Defendants. Sean Olivas, Esq. appeared on behalf of the Doña Ana County Defendants. Counsel for Plaintiffs, Barry Byrnes, Esq., failed to appear at the hearing.

**I. Background.**

Plaintiffs brought this action in this Court on December 22, 2000, alleging claims under 42 U.S.C. § 1983, and supplemental state law claims for assault and battery, false arrest, false imprisonment, intentional infliction of emotional distress, negligence, and loss of consortium. (Doc. 1.) Defendants answered on January 12, 2001 and an Initial Scheduling Conference was held on February 21, 2001. (Docs. 6, 7, 8 and 13.) At the request of counsel, a settlement conference was set for May 17, 2001, well before August 10, 2001, the initial date for termination of discovery. (Doc. 13.)

On May 16, 2001, the Court held a status conference because Plaintiffs' counsel had failed to submit a settlement conference position statement as required by my Order setting the settlement conference. (Docs. 13; 30.) At the status conference, Mr. Byrnes stated that he was unable to prepare his letter because he was unable to obtain the necessary information from Plaintiff Grover Pettes' physician. (*Id.*) Accordingly, the settlement conference was continued to November 2, 2001. (Doc. 29.)

On May 18, 2001, Defendant Archuleta served a Motion that Plaintiff be Required to Submit to a Physical Examination and a Memorandum in Support Thereof. (Docs. 32, 33.) Plaintiff did not respond to this Motion. Accordingly, on June 11, 2001, I granted the Motion. (Doc. 35.) On June 13, 2001, the Court set a hearing on presentation of an order specifying the time and location of the independent medical examination. (Doc. 35.) Mr. Byrnes failed to appear for the hearing, and failed to notify opposing counsel or the Court before the hearing that he would agree to the time and location of the independent medical examination. (Doc. 38.) Defendant Archuleta's unopposed Order

was approved and filed on June 20, 2001. (Doc. 37.) A stipulated Amended Order, changing the date of the independent medical examination was issued on July 18, 2001. (Doc. 39.)

On July 23, 2001, Plaintiff filed a Motion to Amend Pretrial Order. (Doc. 40.) In their Response in opposition, the City Defendants pointed out that Mr. Byrnes had served a different copy of this Motion on them on May 23, 2001. (Doc. 40.) The Court held a hearing on August 13, 2001, and extended discovery to October 10, 2001. (Docs. 45, 48.)

On August 31, 2001, the Honorable C. LeRoy Hansen, United States District Judge, issued two Memorandum Opinion and Orders granting in part and denying in part Defendants' Motions to Dismiss. (Docs. 54, 55.) On October 1, 2001, Mr. Byrnes filed a Notice of Appeal with respect to these non-final orders. (Doc. 61)

Defendant City of Las Cruces (City) noticed the deposition of Thomas T. Gillespie, Plaintiffs' police procedures expert, for October 9, 2001 at 9:00 a.m. in Santa Fe, New Mexico. Plaintiffs filed a Motion for Protective Order requesting that the Court strike the Gillespie deposition notice because they believed that the deposition was unnecessary and would impose an undue financial and physical burden on Plaintiffs, or in the alternative, that the City be required to notice the deposition for Las Cruces, New Mexico so that Plaintiff could attend the deposition in person . (Doc. 57.) Mr. Gillespie is based in Santa Fe. (*Id*.)

The Court held a hearing on Plaintiffs' Motion for Protective Order on October 2, 2001. (Doc. 63.) At the hearing, Mr. Byrnes argued that Defendants should not be permitted to take the deposition of Plaintiffs' expert on the ground that the indigent Plaintiffs would incur costs in obtaining a copy of the deposition and would have to pay Mr. Byrnes' attorney fee for attending the deposition. (Transcript of October 2, 2001 Hearing at 3-8.) Mr. Byrnes argued in the alternative that any

deposition of Mr. Gillespie should be held in Las Cruces, rather than in Santa Fe, so that Plaintiffs might attend the deposition personally, and that the City Defendants should pay Mr. Gillespie's travel costs. (Transcript of October 2, 2001 Hearing at 6-8.) I denied Plaintiffs' Motion for Protective Order with the proviso that Plaintiffs and Mr. Byrnes would be permitted to attend the deposition by telephone at their option (Transcript of October 2, 2001 Hearing at 8-9.)

After I had ruled, Mr. Byrnes stated on the record that Mr. Gillespie was unavailable for deposition until October 29, 2001. (Transcript of October 2, 2001 Hearing at 9.) Mr. Holt moved for an extension of the discovery deadline to October 29, 2001, in order to accommodate Mr. Gillespie's schedule, with the understanding that Mr. Gillespie would be made available for deposition on October 29, 2001. (Transcript of October 2, 2001 Hearing at 10.) Mr. Byrnes opposed Mr. Holt's request for a limited extension of the discovery deadline on the ground that the City Defendants had failed to move for an extension when they noticed the deposition. (*Id*.) Because Mr. Holt's request was opposed and there was no written motion to extend, I denied the City Defendant's request to extend the discovery deadline. (*Id*.) I inquired whether defense counsel had subpoenaed Mr. Gillespie of the October 9, 2001 deposition. When Mr. Holt replied that he had not, I suggested that he subpoena Mr. Gillespie for the October 9, 2001 deposition. My intent in making this statement was to insure that the deposition would go forward if counsel drove to Santa Fe.

An Order denying Plaintiffs' Motion for Protective Order was issued on October 9, 2001. (Doc. 64.) In the October 9, 2001 Order, I observed that any financial or physical hardship to Plaintiffs would be minimized if Plaintiffs and Plaintiffs' counsel were permitted to appear by telephone. (*Id*.) Accordingly, the Order permitted Defendants to depose Mr. Gillespie in Santa Fe,

4

so long as Plaintiffs' and their attorney had the opportunity to attend the deposition by telephone. (*Id.*)

On the evening of October 3, 2001, Mr. Byrnes received an e-mail from Mr. Gillespie notifying him that Mr. Gillespie had been served with a subpoena for the October 9, 2001 deposition and asking him to move to quash the subpoena because Mr. Gillespie was going to be in a training course on October 9, 2001. (Doc. 65.) On October 4, 2001, Mr. Gillespie mailed the original subpoena along with the witness fee check back to the process server. (Doc. 70.) Mr. Holt traveled to Santa Fe on October 8, 2001 for the October 9, 2001 deposition. (*Id.*) Mr. Byrnes knew on the evening of October 3, 2001 that Mr. Gillespie intended to ignore the subpoena, yet Mr. Byrnes failed to notify Mr. Holt until he filed the Motion to Quash on October 9, 2001. (Doc. 65.) Mr. Byrnes waited a period of six days without notifying opposing counsel that the witness would not appear for the deposition.

I held a hearing on all pending discovery motions on October 31, 2001. Mr. Byrnes failed to appear for the hearing.

**II. Discussion**

    **A.    Plaintiffs' Motion to Compel Response to Plaintiffs' Second Document Request (Doc. 66), filed October 10, 2001.**

Plaintiffs' seek to compel responses to their "Second Document Request" mailed on September 20, 2001. Allowing three days for mailing a response was due on October 23, 2001. Discovery terminated on October 10, 2001. Because the responses were due after the discovery deadline expired, Plaintiffs' "Second Document Request" was untimely. In addition, Plaintiffs'

5

Motion to Compel omits a recitation of a good faith request for concurrence and is therefore subject to summary denial under D.N.M.LR-Civ. 7.4(A) . For these reasons, Plaintiff's Motion to Compel should be denied.

> **B.  Plaintiffs' Motion to Quash Subpoena (Doc. 65), filed October 9, 2001; Defendants City of Las Cruces, Lawrence Archuleta & Tom Massad's Motion in Limine and for Sanctions (Doc. 70), filed October 17, 2001.**

On October 2, 2001, in open court, I denied Plaintiffs' Motion for Protective Order with the proviso that Plaintiffs and Mr. Byrnes would be permitted to attend the October 9, 2001Gillespie deposition set in Santa Fe by telephone at their option. (Transcript of October 2, 2001 Hearing at 8-9.) On the evening of October 3, 2001, Mr. Byrnes received an e-mail from Mr. Gillespie notifying him that Mr. Gillespie had been served with a subpoena for the October 9, 2001 deposition. (Doc. 65.) On October 4, 2001, Mr. Gillespie mailed the original subpoena along with the witness fee check back to the process server. (Doc. 70.) Mr. Gillespie ignored the subpoena and failed to appear for his deposition on October 9, 2001. (Doc. 70.) Such defiance of court process cannot be countenanced. Discovery is now closed. Defendants were deprived of the opportunity to depose Mr. Gillespie. Under these circumstances, Mr. Gillespie should not be permitted to testify at trial pursuant to FED.R.CIV.P. 37 (b)(2)(B).

Out of consideration for the Plaintiffs, who themselves bear no fault for Mr. Gillespie's failure to appear and Mr. Byrnes' unprofessional behavior, I will reverse this aspect of my ruling if Mr. Byrnes complies with all requirements of this Order and fully cooperates with opposing counsel to reschedule and complete the Gillespie deposition to be completed by January 18, 2002.

Exclusion of Mr. Gillespie's testimony does not fully remedy the damage wrought by Mr. Byrnes' unprofessional behavior. In anticipation of the deposition scheduled for October 9, 2001,

6

Mr. Holt drove from Las Cruces to Santa Fe on October 8, 2001, a distance of approximately 560 miles round trip, and has represented that he incurred $1,608.92 in attorney fees, $200.10 in mileage, and $94.09 in meals and lodging for a total amount of $1,903.11. (Doc. 70.) Mr. Byrnes has not objected to this representation. Mr. Byrnes never filed a notice of non-appearance for Mr. Gillespie, *see* D.N.M.LR-Civ. 30.2 and failed to notify Mr. Holt that Mr. Gillespie planned to violate the subpoena. On October 9, 2001, the same day as the deposition, when Mr. Holt was on his way to, or had arrived in, Santa Fe, Mr. Byrnes filed a Motion to Quash Subpoena. (Doc. 65.) Such inconsiderate treatment of a fellow member of the bar is intolerable and must be sanctioned, not only for its punitive effect but also for its deterrent effect.

Mr. Byrnes engaged in obstructionist tactics and unprofessional behavior in connection with the Gillespie deposition. A Lawyer's Creed of Professionalism of the State Bar of New Mexico [1] requires an attorney to cooperate with opposing counsel when scheduling changes are requested. The Creed further requires an attorney to notify opposing counsel as soon as possible when depositions have to be canceled. The record indicates that Mr. Byrnes knew that Mr. Gillespie planned to disobey the subpoena, yet Mr. Byrnes failed to notify Mr. Holt before he drove to Santa Fe for the deposition. Mr. Byrnes was unprofessional towards his opposing counsel and forced Defendants to incur unnecessary fees and costs. Mr. Byrnes should personally pay Defendants' attorney fees and costs

---

[1] The Creed was adopted in response to national attention to the fact that lawyers were becoming increasingly aggressive towards each other. *See* Montgomery, S., From Philosophical Speculations to Practical Solutions: The Commission on Professionalism, 1986-1989, 6 N.M.Bar.J 20 (Jul./Aug. 1997). In my experience as Chair of the New Mexico Bench and Bar Committee and in my capacity as chair of numerous Bench-Bar Conferences, a recurring complaint from attorneys is the perceived failure of judges to reward attorneys who practice in a professional manner and punish those who do not.

incurred in connection with appearing for the October 9, 2001 deposition pursuant to FED.R.CIV.P. 16(f); FED.R.CIV.P. 37(b)(2); and FED.R.CIV.P. 45(e).

Not only did Mr. Byrnes violate A Lawyer's Creed of Professionalism of the State Bar of New Mexico and behave in an unprofessional manner with respect to opposing counsel, he also violated the Creed in his disrespectful treatment of the Court. The Creed provides that an attorney must at all times be respectful toward and candid with the Court. Moving to quash the subpoena after I denied Plaintiffs' Motion for Protective Order was an attempt at an end run around my ruling. Such behavior constituted blatant disrespect for my ruling must be punished.

Mr. Byrnes' unprofessional behavior is not limited to the circumstances surrounding the Gillespie deposition. Mr. Byrnes also failed to comply with my Orders of February 22, 2001 and May 16, 2001 by failing to submit settlement conference position statements as ordered. (Docs. 30, 85.) The original settlement conference, set for May 16, 2001, was vacated because Plaintiffs were unable to prepare their letter. (Doc. 14.) The second Settlement Conference set for Friday, November 2, 2001 was vacated because Mr. Byrnes failed to submit a position statement as required by my Order of May 16, 2001. (Doc. 14.) Mr. Byrnes' inappropriate and obstructionist behavior has deprived the parties of the opportunity to participate in settlement conferences on two occasions and has interfered with the Court's calendar. Mr. Byrnes has engaged in a pattern of unprofessional behavior by failing to cooperate with opposing counsel and failing to comply with the Orders and Rules of this Court. In order to sanction this behavior, Mr. Byrnes shall personally pay a fine for $1,000.00 to the Court for his unprofessional and disrespectful behavior pursuant to FED.R.CIV.P. 11; FED.R.CIV.P. 16(f); FED.R.CIV.P. 37(b)(2); and FED.R.CIV.P. 45(e).

The Court's records indicate that Mr. Byrnes has been delinquent for two years in the payment of his federal bar dues. An attorney who fails to pay annual dues on time will be put on delinquent status and will not be allowed to practice in this District. D.N.M.LR-Civ. 83.2(d). Mr. Byrnes shall pay any delinquent bar dues in full and provide proof thereof before he is permitted to practice further before this Court.

Plaintiffs' Motion to Quash Subpoena should be denied. The City Defendants' Motion in Limine and for sanctions should be granted.

### C. Plaintiffs' cross motion for an award of attorney fees (Doc. 74), filed October 24, 2001 (filed in conjunction with response to Doc. 70).

In Plaintiffs' cross motion for an award of attorney fees (Doc. 74), filed on October 24, 2001 in conjunction with Plaintiffs' Response to the City Defendants Motion in Limine and for Sanctions, Mr. Byrnes requests attorney fees in connection with preparing Plaintiffs' Response. Because Mr. Byrnes' own unprofessional precipitated the filing of the City Defendants' Motion in Limine and for Sanctions, Plaintiffs' cross motion shall be denied.

**WHEREFORE,**

**IT IS ORDERED** that Plaintiffs' Motion to Compel Response to Plaintiffs' Second Document Request (Doc. 66), filed October 10, 2001, is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Quash Subpoena (Doc. 65), filed October 9, 2001, is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants City of Las Cruces, Lawrence Archuleta & Tom Massad's Motion in Limine and for Sanctions (Doc. 70), filed October 17, 2001, is **GRANTED.**

**IT IS FURTHER ORDERED** that Mr. Gillespie shall not be permitted to testify at trial. This prohibition will be lifted if Mr. Byrnes pays all amounts required by this Order immediately and the City Defendants' deposition of Mr. Gillespie is completed by **JANUARY 18, 2002.**

**IT IS FURTHER ORDERED** that Mr. Byrnes shall pay Defendants' counsel for the attorney fees and costs incurred in attending the Gillespie deposition on October 9, 2001 in the total amount of **$1,903.11 forthwith. FAILURE TO PAY THIS AMOUNT MAY RESULT IN ENFORCEMENT THROUGH THE CONTEMPT POWERS OF THE COURT.**

**IT IS FURTHER ORDERED** that Mr. Byrnes shall pay a fine as a sanction to the Court in the amount of **$1,000.00 forthwith. FAILURE TO PAY THIS AMOUNT MAY RESULT IN ENFORCEMENT THROUGH THE CONTEMPT POWERS OF THE COURT.**

**IT IS FURTHER ORDERED** that, within **THREE WORKING DAYS**, Mr. Byrnes shall pay his delinquent bar dues or submit to the Clerk proof of payment of his bar dues. **FAILURE TO COMPLY WITH THIS PROVISION MAY RESULT IN PLEADINGS BEING STRICKEN FROM THE COURT FILE.**

**IT IS FURTHER ORDERED** that Plaintiffs' cross motion for an award of attorney fees (Doc. 74), filed October 24, 2001, is **DENIED.**

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**