# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

GROVER LEE PETTES and GLORIA
PETTES,

        Plaintiffs,

     -vs-                                No. CV 00-1803 LH/LCS

CITY OF LAS CRUCES, LAWRENCE
ARCHULETA, and TOM MASSAD, individuals
and as employees of the City of Las Cruces, DONA
ANA COUNTY and/or the public officials and
employees responsible for operating the Dona Ana
County Detention Center,

        Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on Plaintiffs' Objections to Memorandum

Opinion and Order Filed by Federal Magistrate on December 6, 2001; Notice of Appeal from

Magistrate Judge to District Court Judge Under 28 USCA § 636(c)(4) and Civil Rule 73(d); and

Motion to District Court Judge for an Extension of Time Pending Determination of Appeal, all

filed December 12, 2001 (Docket Nos. 93, 94, and 95, respectively), and Plaintiffs' Motion to

District Court Judge to Recuse Federal Magistrate and Second Motion for a Protective Order,

filed December 21, 2001 (Docket No. 98.)  The Court, having considered the briefs of the parties

and being fully advised in the premises, finds that Plaintiffs' objections are not well taken and  are

**overruled.**  Accordingly, the magistrate judge's order of December 6, 2001, is **affirmed.**

Furthermore,  Plaintiffs' Motion to District Court Judge to Recuse Federal Magistrate is not well

taken and is **denied.**  The Court declines to rule on Plaintiff's Second Motion for a Protective

Order[1] and refers it back to Judge Smith for consideration. As the appeal has now been decided, Plaintiffs' Motion for an Extension of Time Pending Appeal is **granted** for the period of time the appeal was at issue.


## Standards for Motions under FED.R.CIV.P. 72 (a)

This Court reviews a magistrate's order under the terms of 28 U.S.C. § 636 and FED.R.CIV.P.72(a). Rule 72 mandates that a magistrate's order will not be modified or set aside in any way unless it is found to be clearly erroneous or contrary to law. *See Ocelot Oil Corp. v. Sparrow Industries,* 847 F.2d 1458, 1461-62 (10th Cir. 1988). The clearly erroneous standard is intended to give the magistrate a free hand in managing discovery issues. Under this standard, the Court must affirm the decision of the magistrate unless "on the entire evidence [it] is left with the definite and firm conviction that a mistake has been committed." *Id.* at1464. "Because a magistrate is afforded broad discretion in the resolution of non-dispositive discovery disputes, the court will overrule the magistrate's determination only if this discretion is abused." *Comeau v. Rupp,* 762 F.Supp. 1434, 1450 (D.Kan. 1991). The Seventh Circuit has stated that "[to] be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must ... strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." *Parks & Elec. Motors, Inc. v. Sterling Elec., Inc.,* 866 F.2d 228, 233 (7th Cir. 1988). The Court detects no aroma as strong as that described by the Seventh Circuit in this case.

---

[1] Plaintiffs' filed the Motion to District Court Judge to Recuse Federal Magistrate and Second Motion for a Protective Order as one pleading.

**Discussion**

    **A.**    **Plaintiffs' Objections to Memorandum Opinion and Order Filed by Federal Magistrate on December 6, 2001 and Notice of Appeal from Magistrate Judge to District Court Judge Under 28 USCA § 636(c)(4) Civil Rule 73(d)**

Magistrate Judge Leslie C. Smith, in his Memorandum Opinion and Order, carefully laid out the background of this case and the issues, making it unnecessary for the Court to do so here, except very briefly.

This lawsuit alleges claims under 42 U.S.C. § 1983, and supplemental state law claims for assault and battery, false arrest, false imprisonment, intentional infliction of emotional distress, negligence and loss of consortium. Plaintiff objects to the December 6, 2001, Memorandum Opinion and Order entered by Magistrate Judge Leslie C. Smith, subsequent to an October 31, 2001 hearing on numerous pending discovery motions. In his order, Judge Smith denied several of Plaintiffs' discovery motions, denied Plaintiffs' cross-motion for an award of attorney fees, and granted attorney fees to Defendants. Furthermore, Judge Smith granted Defendants' motion in limine and monetarily sanctioned Plaintiffs' counsel.

Plaintiffs filed nine separate objections to Judge Smith's order. All nine objections are intertwined and involve three topics: the situation surrounding the attempted deposition of Thomas Gillespie, discovery deadlines and related motions, and the sanctions imposed.

**Deposition of Thomas Gillespie**

The Court sees no abuse of discretion or error in Judge Smith's decisions relating to the attempted deposition of the Plaintiffs' expert Gillespie. A review of the relevant pleadings shows

that Judge Smith made every effort to accommodate Plaintiffs' problems concerning the scheduled deposition. Judge Smith suggested extending the discovery deadline for the sole purpose of taking the deposition when Mr. Gillespie would be available. Plaintiffs objected to the extension. Defendants were forced to keep the scheduled time for the deposition even though it appeared that Mr. Gillespie would be unavailable. Then, in the most egregious oversight of this whole matter, Plaintiffs, knowing full well that Gillespie did not intend to appear at his deposition after having been subpoenaed, did not notify Defendants of this fact in advance. Instead, they filed a motion to quash the subpoena issued to Gillespie *on the day of the scheduled deposition*. Defendants, by this time, had already traveled from Las Cruces to Santa Fe for the deposition.

At the October 31, 2001 hearing, Judge Smith held that this was in direct defiance of court process, and held that Gillespie would not be allowed to testify at trial. He also held that if the deposition could be scheduled and completed prior to January 18, 2002, he would reverse his ruling. The Court agrees that this is a fair solution and finds no abuse of discretion or error in Judge Smith's handling of this matter. However, due to the Court's heavy criminal and civil docket and its inability to deal with this matter in a timely manner, this matter is referred back to Magistrate Smith to set a reasonable time after the date of this Memorandum Opinion and Order, for the scheduling and completion of the deposition. This matter is not yet set for trial, and no prejudice will be incurred by giving the parties one more deadline for the taking of this deposition.

The Court is compelled to mention one aspect of Plaintiffs' objection. Judge Smith, at the October 2, 2001 hearing, in relation to the Gillespie deposition, suggested that Defendants subpoena Gillespie to assure his appearance at the deposition scheduled on October 9, 2001. Plaintiffs are incorrect in their assertions that this suggestion was an attempt to "place Mr.

Gillespie in a situation where it would be impossible for him to appear for deposition and then use his non-appearance as a ground for a motion to prevent his trial testimony. The Attorney for the City Defendants, *with the assistance of Federal Magistrate Leslie C. Smith,* was able to place Mr. Gillespie in just such a position." (*See* Plaintiffs' Mot. to D. Ct. Judge to Recuse Fed. Mag., at 2) (*emphasis added*). Judge Smith was doing what was necessary to protect the integrity of the discovery process in light of the approaching deadlines, and Plaintiffs' unwillingness to extend those deadlines by a mere three weeks to accommodate, not only their own expert, but the Defendants' right to take the deposition. Plaintiffs' counsel is cautioned about accusing a federal judge of being in concert with the Defendants.

**Objections related to the discovery deadlines and related orders**

The Court has reviewed all of Judge Smith's decisions relating to discovery deadlines and related motions, as well as past discovery orders, and finds no abuse of discretion or error in his decisions relating to discovery matters. One role of a magistrate is to handle such discovery related issues and magistrates are well versed in the rules and procedures relating thereto. Judge Smith's decisions have been lawful and fair and this Court will not interfere with his oversight of the discovery related to this case.

**Objections related to the imposition of sanctions**

Judge Smith has done his utmost to see that this case proceeds expeditiously and that the rights of both parties are protected. The background summarized by Judge Smith in his order indicates that Plaintiffs' counsel has failed to appear at prior hearings and to perform the

necessary steps required of him in this matter. In fact, Plaintiffs' counsel failed to appear at the hearing that is the subject of Judge Smith's order. For Plaintiffs to state that they were not given the opportunity to be heard on their motions, is a misstatement at best.

The Court has reviewed Judge Smith's decision relating to sanctions and finds no abuse of discretion in his imposing sanctions by awarding the City Defendants' legal fees for their unnecessary trip to Santa Fe or by ordering Plaintiffs' counsel to pay a fine for his unprofessional behavior in this matter.

After a thorough review of the issues, the Court is not convinced that Judge Smith's order is in any way clearly erroneous or contrary to law. It is affirmed.

**B.      Plaintiffs' Motion to District Court Judge to Recuse Federal Magistrate and Second Motion for a Protective Order**

Federal judges have a statutory obligation to recuse themselves in any proceeding in which their impartiality might reasonably be questioned. *See* 28 U.S.C. § 455 (a). In determining whether § 455 (a) requires recusal, the Court must determine whether a reasonable person knowing all the relevant facts, would harbor doubts about the judge's impartiality. *United States v. Cooley,* 1 F.3d 985, 993 (10th Cir. 1993) (*internal quotations omitted*). The standard is purely objective. The inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. In applying the test, the initial inquiry is whether a reasonable, factual basis exists for calling the judge's impartiality into question. *Id*. at 933.

Plaintiffs request that Magistrate Smith be recused from this matter on the grounds of bias and prejudice, and because they feel that they did not and will not receive a fair hearing on their

motions for protective order. As stated above, based on the record, I find that Judge Smith has been fair in his dealings with both parties in this matter.

Judge Smith attempted to encourage a fair compromise with respect to the Gillespie deposition, but it appears that one could not be reached. When the parties were unable to reach an agreement and Gillespie failed to appear for his scheduled deposition, thus depriving the Defendants of their right to depose him, Judge Smith initially refused to allow Gillespie to testify at trial. Judge Smith subsequently stated that he would allow Gillespie's testimony if his deposition could be scheduled and completed at a time mutually agreeable, prior to January 18, 2002. The Court finds this to be a fair solution and one that would be beneficial to both the Plaintiffs and the Defendants.

The Court further finds that Judge Smith's other rulings regarding discovery motions and issues have been based on sound statutory and legal grounds and are not based on bias or prejudice towards the Plaintiffs. Furthermore, the Plaintiffs have had the opportunity to present and argue their motions before Judge Smith and, at least on one occasion, have chosen not to do so.

Finally, the Court is concerned about Mr. Byrnes' statement in his motion to the effect that Judge Smith sanctioned Plaintiffs and their counsel because of the failed Gillespie deposition. In the motion, he states "This sanction, among other things, prevents Mr. Gillespie from testifying at the trial unless the *Plaintiffs and their counsel pay $3,000.*" *(See* Mot. to D.Ct. Judge to Recuse Fed. Mag. at 3 (*emphasis added*). It goes on to say that "Plaintiffs are indigent and can not pay the monetary sanction." It is clear upon reading Judge Smith's order that the sanctions were imposed on Plaintiffs' counsel, personally, not Plaintiffs. Consequently, the financial status

of Plaintiffs is irrelevant.

The Court declines to rule on Plaintiffs' Second Motion for a Protective Order and refers it back to Judge Smith for consideration.

Judge Smith has done everything necessary to be fair to both parties. The Court finds no prejudice in Judge Smith's actions and Plaintiffs' motion to recuse Magistrate will be denied.


**C.**    **Motion to District Court Judge for an Extension of Time Pending Determination of Appeal**

Finally, Plaintiffs request that the time for complying with Judge Smith's order be extended during the pendency of this appeal. Now that the appeal is decided, Plaintiffs' counsel shall fully comply with the mandates of Judge Smith's order within 5 days of entry of the order of this Court.


**IT IS THEREFORE ORDERED** that Plaintiffs' Objections to Memorandum Opinion and Order Filed by Federal Magistrate on December 6, 2001, and Notice of Appeal from Magistrate Judge to District Court Judge Under 28 USCA § 636(c)(4) and Civil Rule 73(d), both filed December 12, 2001 (Docket Nos. 93 and 94 respectively), are not well taken and are **overruled**. The magistrate judge's order of December 6, 2001 is **affirmed.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to District Court Judge to Recuse Federal Magistrate and Second Motion for a Protective Order, filed December 21, 2001 (Docket No. 98), is not well taken and is **denied** as to the recusal and referred to the magistrate for ruling on the Second Motion for Protective Order**.**

**IT IS FINALLY ORDERED** that because the appeal is now decided, Plaintiffs' counsel shall fully comply with the mandates of Judge Smith's order within 5 days of entry of this Court's order.  The matter of Gillespie's deposition is referred back to Magistrate Smith with instructions that he set one last deadline for the taking of this deposition at a reasonable time following entry of this Memorandum Opinion and Order.

_____
**UNITED STATES DISTRICT JUDGE**