IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GROVER LEE PETTES AND GLORIA
PETTES,

                Plaintiffs,

  -vs-                                                                No. CV 00-1803 LH/LCS

CITY OF LAS CRUCES, LAWRENCE
ARCHULETA, and TOM MASSAD, individuals
and as employees of the City of Las Cruces, DONA
ANA COUNTY and/or the public officials and
employees responsible for operating the Dona Ana
County Detention Center,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on the Plaintiffs' Motion to Certify Certain Orders as Appealable Orders and for Alternate Relief (Docket No. 112), filed February 22, 2002. Defendants did not respond to the Motion. The Court, having considered Plaintiffs' Motion and otherwise being fully advised, finds that it is not well taken in part and will be **denied in part** and that the Court will entertain additional argument on Plaintiffs' request for alternate relief.

      Plaintiffs first move the Court to certify two previous rulings for immediate appeal to the Tenth Circuit Court of Appeals: the Memorandum Opinion and Order (Docket No. 54), entered August 31, 2001, granting in part and denying in part the Motion to Dismiss Certain Claims by Grover Lee Pettes and All Claims by Gloria Pettes, Filed by City of Las Cruces, Lawrence Archuleta, and Tom Massad (Docket No. 17), filed February 26, 2001, and the Memorandum Opinion and Order

(Docket No. 108), filed January 17, 2002. Plaintiffs alternatively move the Court to reconsider its decision barring expert testimony at trial by Thomas Gillespie.

As to the August 31, 2001, Order, Plaintiffs maintain that there is ground for difference of opinion as to whether the Complaint states a cause of action against the City of Las Cruces for failure to adequately train police officers in procedures and methods for dealing with handicapped prisoners and whether Plaintiffs should have been allowed to amend their Complaint. The Court finds Plaintiffs' position to be completely without merit and will not certify pursuant to 28 U.S.C. § 1292(b). Additionally the Court notes that while Plaintiffs complain they were denied leave to amend their Complaint, the fact is that they never sought leave to amend, either before or after entry of the Court's Order. Plaintiffs' assertion that they were denied the opportunity to develop facts in support of the allegations of their Complaint because the Motion was not decided until after the close of discovery is equally untenable. By the Order (Docket No. 48) entered August 14, 2001, discovery in this case did not terminate until October 10, 2001.

Plaintiffs also seek interlocutory appeal of the Court's Order on January 17, 2002, affirming the Magistrate Judge's Order sanctioning Plaintiffs' counsel. In his Order, Judge Smith found that Plaintiffs' expert Thomas Gillespie defied court process, depriving Defendants of the opportunity to depose him. Under those circumstances, Judge Smith determined that Mr. Gillespie should not be permitted to testify at trial, pursuant to FED. R. CIV. P. 37(b)(2)(B). Judge Smith further sanctioned Plaintiffs' counsel personally for his unprofessional behavior both with regard to the deposition of Mr. Gillespie and on other instances in this case. Judge Smith also ruled, however, that the prohibition against Mr. Gillespie's testimony would be lifted if Plaintiffs' counsel immediately paid the monetary sanctions imposed against him and Mr. Gillespie's deposition was completed by January 18, 2002.

Plaintiffs seek immediate appeal of the Order to the extent the sanctions imposed on counsel prevent Mr. Gillespie from testifying, thereby prejudicing Plaintiffs' case. The Court disagrees that Judge Smith only meant to sanction Plaintiffs' counsel. Clearly he also found Mr. Gillespie's conduct sanctionable. That Plaintiffs' counsel has failed to comply with the Order by paying the monetary sanctions imposed against him, thereby negating the opportunity he had to assure the lifting of the prohibition against Mr. Byrnes, does not state grounds for immediate appeal.

Although Mr. Gillespie's testimony remains barred because of Plaintiffs' counsel's failure to comply with the sanctions Order, the Court takes notice of the fact that Mr. Gillespie was deposed on January 11, 2002. Before ruling on Plaintiffs' request for alternate relief allowing Mr. Gillespie to testify at trial, however, the Court will entertain argument by Defendants on this issue.

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Certify Certain Orders as Appealable Orders and for Alternate Relief (Docket No. 112), filed February 22, 2002, is **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Defendants may file responses to Plaintiffs' request for alternate relief within fourteen (14) days of entry of this Order.

_____
**UNITED STATES DISTRICT JUDGE**