IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GROVER LEE PETTES AND GLORIA
PETTES,

                      Plaintiffs,

  -vs-                                                       No. CV 00-1803 LH/LCS

CITY OF LAS CRUCES, LAWRENCE
ARCHULETA, and TOM MASSAD, individuals
and as employees of the City of Las Cruces, DONA
ANA COUNTY and/or the public officials and
employees responsible for operating the Dona Ana
County Detention Center,

                      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Dona Ana County's Motion for Summary Judgment (Docket No. 51), filed August 21, 2001; Motion for Partial Summary Judgment (Docket No. 77), filed November 2, 2001, by the City of Las Cruces, Lawrence Archuleta, and Tom Massad (City Defendants); Defendant Dona Ana County's Motion for Summary Judgment (Docket No. 80), filed November 9, 2001; the City Defendants' Motion in Limine (Docket No. 101), filed December 26, 2001; and Plaintiffs' Motion . . . for Alternate Relief (Docket No. 112), filed February 22, 2002. The Court, having considered the Motions, the memoranda of the parties, and the applicable law, having heard oral argument on July 24, 2002, and otherwise being fully advised, finds for the reasons set forth on the record in Open Court and below that Defendant Dona Ana County's Motion for Summary Judgment (Docket No. 51), filed August 21, 2001, will be **denied as moot**; the

City Defendants' Motion for Partial Summary Judgment (Docket No. 77), filed November 2, 2001, and Defendant Dona Ana County's Motion for Summary Judgment (Docket No. 80), filed November 9, 2001, are well taken and will be **granted**; the City Defendants' Motion in Limine (Docket No. 101), filed December 26, 2001, is not well taken in the most part and will be **denied, except that either Grover Pettes, Sr. or Laura Pettes, not both, may testify as to damages**; and Plaintiffs' Motion . . . for Alternate Relief (Docket No. 112), filed February 22, 2002, is not well taken and will be **denied**.

As to City Defendants' Motion for Partial Summary Judgment (Docket No. 77) and Defendant Dona Ana County's Motion for Summary Judgment (Docket No. 80), the Court finds that Plaintiff has raised no genuine issue of material fact in the face of Defendants' showing that they had no actual notice within the statutory period of the "likelihood that litigation may ensue" on a claim brought pursuant to the New Mexico Tort Claims Act. *Lopez v. State of New Mexico*, 122 N.M. 611, 615 (1996)(since *Smith* New Mexico court have applied the "likelihood that litigation may ensue" standard to the actual notice issue)(quoting *Smith v. State ex rel. Dep't of Parks & Recreation*, 106 N.M. 368, 371 (1987)); N.M. STAT. ANN. § 41-4-16(A)-(B) ("Every person who claims damages from the state or any local public body . . . shall . . . within ninety days after an occurrence giving rise to a claim [give] a written notice[,] unless the governmental entity had actual notice of the occurrence."). Specifically, the Court does not find under the "totality of the circumstances" (Plaintiff's wrist were visibly swollen, he complained about the handcuffs, and he asked about a week later for a copy of his medical screening report, on which the entry labeled "OTHER ILLNESS/INJURY" is filled in "BOTH WRISTS, CEREBRAL PULSY [sic]"), that there is any triable issue as to whether "a reasonable person would have concluded that the victim may claim compensation." *Lopez*, 122 N.M. at 615. Neither does the Court find that Plaintiff's totally

unsupported accusations of a conspiratorial cover up among the Defendants can lead to any inference, much less a "reasonable inference of the likelihood of suit." *Id.* Therefore, no evidentiary hearing is necessary and summary judgment must be granted on the issue of lack of actual notice under the New Mexico Tort Claims Act.

**IT IS HEREBY ORDERED** that Defendant Dona Ana County's Motion for Summary Judgment (Docket No. 51), filed August 21, 2001, is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that City Defendants' Motion for Partial Summary Judgment (Docket No. 77), filed November 2, 2001, and Defendant Dona Ana County's Motion for Summary Judgment (Docket No. 80), filed November 9, 2001, are **GRANTED**.

**IT IS FURTHER ORDERED** that the City Defendants' Motion in Limine (Docket No. 101), filed December 26, 2001, is **DENIED, EXCEPT TO THE EXTENT THAT ONLY ONE OF PLAINTIFF'S PARENTS MAY TESTIFY AS TO HIS DAMAGES**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion . . . for Alternate Relief (Docket No. 112), filed February 22, 2002, is **DENIED AND THE COURT DENIES PLAINTIFF'S ORAL MOTION TO CERTIFY THIS RULING FOR INTERLOCUTORY APPEAL TO THE TENTH CIRCUIT COURT OF APPEALS**.

_____
**UNITED STATES DISTRICT JUDGE**