# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

GROVER LEE PETTES,

    Plaintiff,

vs.                                                                           Civil No. 00-1803 WJ/LCS

LAWRENCE ARCHULETA AND TOM MASSAD,

    Defendants.

## MEMORANDUM OPINION AND ORDER

    THIS MATTER comes before the Court upon Plaintiff's Motion to Dismiss and General Response to Show Cause Order, Motion to Recuse Judge Black and Related Relief, filed March 14, 2003, (**Doc. 186**). Plaintiff's counsel has been directed to appear at a hearing on an Order to Show Cause on the issue of whether he should be held in contempt for his conduct during the course of the first trial in the underlying case, as well as for his actions related to the handling of this case which caused unnecessarily delay in its retrial. (Doc. 182).

    Counsel argues that potential bias and prejudice exists among the federal judges in this district, arising from counsel's advocacy of "sensitive" civil rights issues in the underlying lawsuit. Because counsel perceives himself to be the target of "judicial disaffection," he seeks recusal of all federal judges in this district on the show cause matter, and also requests a continuance on the hearing on the Order to Show Cause until the Tenth Circuit rules on the validity of existing sanction orders following a retrial of the case.[1] However, because the Order to Show Cause

---

[1] The existing sanctions are those imposed by Magistrate Judge Leslie Smith in the amount of $1903.11 (Doc. 92), and by the undersigned in the amount of $964.50 (Doc. 179). According to an affidavit filed on March 10, 2003, Mr. Byrnes recently paid the fine imposed by

addresses conduct which did not form the basis for sanctions which have already been imposed, continuing the hearing pending the resolution of the underlying case would serve no purpose.

Plaintiff has made no more than a speculative case for bias and prejudice such that would call for measures as drastic as recusal of all the federal judges in this district.[2]  However, in an abundance of caution, and in order to avoid the slightest suggestion of an appearance of impropriety, the Order to Show Cause will be referred to an out-of-district judge who will hear and dispose of the matter.  Counsel will be notified in advance regarding the designated judge, time and setting for the hearing on the Order to Show Cause.  A ruling on the Motion to Dismiss the Order to Show Cause will be deferred, since it will be assigned to the designated out-of-district judge.

**THEREFORE**,

Plaintiff's Motion to Dismiss and General Response to Show Cause Order, Motion to Recuse Judge Black and Related Relief **(Doc. 186)** is GRANTED IN PART as follows: (1) An out-of-district judge will be designated to hear the Order to Show Cause at a later date, to be announced; and (2) a ruling on the Plaintiff's Motion to Dismiss the Order to Show Cause is deferred until it can be heard by the assigned out-of-district judge.

---

Judge Smith almost two years ago. See Doc. 183.

[2]  Disqualification of a judge is warranted where that judge's impartiality might reasonably be questioned, or where the judge has a personal bias or prejudice "concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455; see U.S. v. Hines, 696 F.2d 722, 728 (10th Cir. 1983). The code of judicial conduct requires disqualification for similar reasons.  Mr. Byrnes has presented no reasonable basis as to why the issues in this civil rights lawsuit pose particular problems of impartiality to the judges in this district.

_____
UNITED STATES DISTRICT JUDGE