IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GROVER LEE PETTES,

    Plaintiff,

vs.                                                               Civil No. 00-1803 WJ/LCS

LAWRENCE ARCHULETA AND TOM MASSAD,

    Defendants.

### MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO CHANGE VENUE

THIS MATTER comes before the Court upon Plaintiff's Motion to Change Venue, filed March 14, 2003 **(Doc. 184)**. Plaintiff's counsel has been directed to appear at a hearing on an Order to Show Cause on the issue of whether he should be held in contempt for his conduct during the course of the first trial in the underlying case, as well as for his actions related to the handling of this case which caused unnecessarily delay in its retrial. (Doc. 182). Counsel requests a change of venue for the retrial in the underlying lawsuit on the basis that the potential jury pool in Las Cruces can be prejudiced on the merits of the case by focusing on the "negative publicity" regarding these sanctions.

In order for the Court to consider a change of venue for this case based on prejudice from media publicity, Plaintiff is required to establish "that an irrepressibly hostile attitude pervaded the community" as a result of the publicity to which he refers. See Stafford v. Saffle, 34 F.3d 1557, 1567 (10th Cir.1994). No such showing has been made. Showing that potential jurors "knew about the case and that there was extensive pretrial publicity will not suffice to demonstrate that

an irrepressibly hostile attitude pervaded the community." Id. Awareness by potential jurors of the facts and issues of a case (or, as posited by counsel, conduct for which counsel was or might be sanctioned by the court hearing the case) does not constitute a sufficient showing of the type of pretrial publicity from which the Court should presume prejudice. See Sheppard v. Maxwell, 384 U.S. 333, 362 (1966) (discussing "the pervasiveness of modern communications and noting that "[g]iven the state of modern communications, it is not only unnecessary, but realistically impossible to expect jurors to be totally ignorant of the facts and issues of a case."), cited in State v. House, 127 N.M., 151, 167 (1999).

Plaintiff's motion is DENIED. Plaintiff will be afforded the usual opportunity to question prospective jurors in voir dire in order to ensure that jurors are able to lay aside any preconceived notions about the case due to any publicity regarding sanctions imposed on counsel, and base their evidence solely on the evidence presented at trial. See Irvin v. Dowd, 366 U.S. 717, 722-23 (1961).

**IT IS SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE